UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DONTIE S. MITCHELL,

                              Plaintiff,

           v.                                                    9:17-CV-0892
                                                                 (TJM/DJS)

ANDREW M. CUOMO, et. al.,

                              Defendants.

---

APPEARANCES:

DONTIE S. MITCHELL
98-A-0071
Plaintiff, pro se
Collins Correctional Facility
P.O. Box 340
Collins, NY 14034

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

In August 2017, pro se plaintiff Dontie Mitchell ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). In a Decision and Order filed on September 27, 2017 (the "September Order"), this Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 13. Based upon that review, the Court severed and transferred claims related to alleged wrongdoing that occurred while Plaintiff was confined at Elmira C.F.,

1

Wende C.F., and Collins C.F. to the Western District. *Id.* at 15. The Court dismissed the following claims, with prejudice: (1) Plaintiff's § 1983 claims for monetary damages against defendants in their official capacity; and (2) Eighth Amendment claims against based upon Plaintiff's right to rehabilitation. *Id.* at 36. The following claims: (1) Plaintiff's First Amendment claims related to his mail against defendant Lisa M. Barse ("Barse"); (2) Fourteenth Amendment due process claims against defendant Lieutenant John Miller ("Miller"); and (3) supervisory claims against defendants Steven Racette ("Racette"), Anthony Annucci ("Annucci"), and Donald Uhler ("Uhler"), were dismissed without prejudice. *Id*. The Court directed defendants to respond to the following claims: (1) Eighth Amendment excessive force claims against defendants Sergeant Wood ("Wood"), Correction Officer Napper ("Napper"), and Correction Officer Wells ("Wells"); (2) First Amendment claims related to Plaintiff's mail against Mahuta; (3) First Amendment claims related to freedom of association against defendant Correction Officer Robert J. Mahuta ("Mahuta") and Miller; and (4) claims for declaratory and injunctive relief against defendant Andrew M. Cuomo ("Cuomo") and Annucci. Dkt. No. 13 at 36-37. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint to pursue any claim dismissed without prejudice. *Id*. at 36, n. 22.

Presently before the Court is Plaintiff's motion for reconsideration of the September 2017 Order.[1] Dkt. No. 16.

## II.    LEGAL STANDARD

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening

---

[1]    Defendants have not yet been served with the Complaint.

2

change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).  "The standard for granting a motion for reconsideration is strict[.]"  *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided."  *Id.*  Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).

## III.    DISCUSSION

Plaintiff's motion is difficult to decipher.  Initially, he notes that he moves to reconsider the September Order, but then, explains that he "intend[s] to file a typed Amended Complaint to add new defendants and claims, and to correct the deficiencies in my initial complaint." *See* Dkt. No. 16 at 2.   Plaintiff asserts that "[f]or reasons I cannot explain, I never received [the September 2017] decision and order; hence, I do not know the reasoning behind it[.]"  *Id.*

Plaintiff has not cited to any caselaw which would mandate that the Court's prior decision be vacated and has not demonstrated an intervening change in controlling law, nor has he articulated any clear legal error.  While Plaintiff seemingly disagrees with the prior order, Plaintiff has not made any showing that reconsideration of the order is warranted. *See, e.g., Banco de Seguros Del Estado v. Mut. Marine Offices, Inc*., 230 F.Supp.2d 427, 431 (S.D.N.Y. 2002) (denying motion for reconsideration where movant "reargue[d] the

points it made during the initial briefing and . . . explain[ed] to the Court how its analysis is 'erroneous' "); *U.S. v. Delvi*, S1291CR74, 2004 WL 235211, at *1-2 (S.D.N.Y. Feb. 6, 2004) (denying motion for reconsideration where movant "point[ed] to no facts or law that the Court overlooked in reaching its conclusion, and instead simply reiterate[d] the facts and arguments that the Court already considered and rejected").  Therefore, Plaintiff's motion for reconsideration (Dkt. No. 16) is denied.

## IV.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of the September Order with this Decision and Order on Plaintiff in accordance with the Local Rules.

Dated:   November 2, 2017

Thomas J. McAvoy
Senior, U.S. District Judge

4