**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONTIE S. MITCHELL,**

       **Plaintiff,**

 - v -                  9:17-CV-0892
                       (TJM/DJS)
**ANDREW M. CUOMO, Governor, ANTHONY**
**ANNUCCI, Commissioner of Department of**
**Corrections, JOHN MILLER, Correction**
**Lieutenant, R. WOOD, Corrections Sergeant,**
**ROBERT J. MAHUTA, Correction Officer,**
**NAPPER, Correction Officer, and WELLS,**
**Correction Officer,**

       **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

  This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred to the Hon. Daniel J. Stewart, United States Magistrate Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). In his Report-Recommendation and Order (Dkt. No. 95) ("Rep. Rec. & Ord."), Magistrate Judge Stewart recommends that Defendants' Motion to Dismiss (Dkt. No. 57) be granted in part and denied in part, and that Plaintiff's Fifth, Sixth, and Seventh Motions for Preliminary Injunctions (Dkt. Nos. 61, 70 , and 74) be denied. In addition, Magistrate Judge Stewart ordered, *inter alia*, that Plaintiff's

1

Motion to Amend (Dkt. No. 61), and Plaintiff's Third Motion for Counsel (Dkt. No. 61 ), be denied. Plaintiff objects to Magistrate Judge Stewart's orders denying amendment and the appointment of counsel, and to various recommendations as addressed below.

## II. STANDARDS OF REVIEW

### a. Objection to Magistrate Judge Non-Dispositive Order

A district court judge reviewing an objection to a magistrate judge's non-dispositive pretrial order, as is in issue with Magistrate Judge Stewart's orders denying amendment and the appointment of counsel,[1] may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law. *See* FED. R. CIV. P. 72(a)*;* 28 U.S.C. § 636(b)(1)(A); *Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) ("[T]he district court to whom the case is assigned shall consider ... objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." )(quoting Fed. R. Civ. P. 72(a))*.* An order is clearly erroneous if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted) (quoting *United States v. Murphy*, 703 F.3d 182, 188 (2d Cir. 2012)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Lifeguard*

---

[1]*See* 28 U.S.C. § 636(b)(1)(A)(enumerating dispositive matters subject to *de novo* review and not including motions to amend)*; Franke v. ARUP Laboratories, Inc.*, 390 Fed. App'x 822, 828 (10th Cir. 2010) ("Mr. Franke's motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."); *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint [to add a defendant] was nondispositive, subject only to review for clear error."); *Pagano v. Frank*, 983 F.2d 343, 346 (1st Cir.1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed. R .Civ. P. 72(a)."); *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007)(reviewing magistrate judge's denial of the appointment of *pro bono* counsel under the clearly erroneous standard used for non-dispositive pre-trial orders)

2

*Licensing Corp. v. Ann Arbor T-Shirt Co., LLC*, No. 15-CV-8459, 2017 WL 3142072, at *1 (S.D.N.Y. July 24, 2017)(citation and internal quotation marks omitted).

### b. Objection to Magistrate Judge Recommendation

When objections to a magistrate judge's recommendation on a dispositive matter are made, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997) (The Court must make a *de novo* determination to the extent that a party makes specific objections to a magistrate's findings.). When no objection is made to a report and recommendation, or to a portion thereof, the Court subjects the report and recommendation, or the portion to which no objection is made, to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. In performing such a review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*

After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b).

## III. DISCUSSION

### a. Motion to Amend

Magistrate Judge Stewart's decision to deny Plaintiff's motion to file a Second Amended Complaint, *see* Rep-Rec. & Ord., at 19-23, is not clearly erroneous or contrary to law. Proposed claims related to Plaintiff's confinement at Elmira C.F., Wende C.F., and

Collins C.F. were already pled in this matter, severed from the action, and transferred to the Western District of New York. *See* Dkt. No. 13. It would be futile to amend to add these claims again. "[I]t is well established that leave to amend a [pleading] need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003).

It would also be futile to reassert claims identical to those in the Complaint and Amended Complaint that the Court previously found to have been insufficiently pled to withstand a motion under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 13 & 24. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Ramos v. Dep't of Correction*, No. 3:15-CV-1444 (VAB), 2017 WL 855897, at *3 (D. Conn. Mar. 3, 2017)(citing *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)).

Regarding Plaintiff's proposed claims related to his confinement at Great Meadow C.F. asserting his First Amendment right to (1) wear "cornrows;" (2) promote the Ujamaa Fraternal Dynasty ("UFD"), a non-profit organization which he founded as an alternative to gangs; and (3) receive daily mail without excessive delay, the Court previously denied Plaintiff's motion to amend to add these claims because Plaintiff was "attempting to add new defendants and claims that are completely unrelated to the central issues in the Amended Complaint." 01/29/18 Dec. & Ord., Dkt. No. 48, at 9. As the Court stated in its January 29, 2018 Decision and Order,

> Plaintiff's claims related to alleged violations of his First Amendment rights at Great Meadow C.F. in 2017 are wholly unrelated to the allegations set forth in his Amended Complaint that he was assaulted at Clinton C.F. in 2014, and that his First Amendment rights were violated at Clinton C.F. in 2014. *Compare* Dkt. No. 28-1 *with* Am. Compl. Thus, the new allegations against the new defendants do not pertain to the operative pleading. Indeed, the proposed

4

new claims involve events which occurred, if at all, years after the alleged wrongdoing set forth in the Amended Complaint, and were allegedly perpetrated by individuals not named in the Amended Complaint.

*Id.* Magistrate Judge Stewart correctly concluded at "[t]he allegations in the Proposed Second Amended Complaint do not cure the deficiencies previously identified." Rep-Rec. & Ord. at 23.[2]

Magistrate Judge Stewart's decision to rely on the Court's previous Decision, and on Fed. R. Civ. P. 15(d),[3] to deny Plaintiff's motion to amend to add First Amendment claims allegedly occurring at Great Meadow C.F. is not clearly erroneous or contrary to law. The proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d). *See Girard v. Hickey*, No. 9:15-CV-0187, 2016 WL 915253, at *5 (N.D.N.Y. Mar. 4, 2016)("'Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case.'")(quoting *Amusement Indus., Inc. v. Stern*, No. 07 Civ. 11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 11, 2014)(collecting cases)); *McKenzie v. Obertean*, No. 17-CV-441W, 2019 WL 441593, at *1 (W.D.N.Y. Feb. 5, 2019)("'A supplemental pleading is designed to cover matters that occur subsequent to

---

[2]For the reasons discussed in the text, Plaintiff's attempt to cure a deficiency in his proposed Second Amended Complaint through his objections, *see* Obj. at 2 ("Although I do not specifically state in my Proposed Second Amended Complaint that Superintendent Miller was personally involved in the denial of my request to form a prison chapter of UFD, I declare under penalty of perjury that he was."), is insufficient to reverse the decision to deny the motion to amend.

[3]Rule 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

5

the filing of the complaint, but pertain to the original pleadings. Thus, under Rule 15(d), a party may supplement the original pleading to include subsequent occurrences which are related to the claim presented in the original complaint, absent prejudice to the nonmoving party.'")(quoting *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991)(citations omitted)); *Stepney v. Rochester Hous. Auth.*, No. 16-CV-6173-FPG, 2018 WL 3110225, at *6 (W.D.N.Y. June 25, 2018)("[C]ourts may ... decline to permit supplemental pleadings if the new claims are not adequately 'related to the originally stated claims.'")(quoting *Webster v. Himmelbach*, 271 F. Supp. 3d 458, 472 (W.D.N.Y. 2017), and citing Wright *et al.*, 6 Fed. Prac. & Proc. Civ. §§ 1510 and 1506 (3d ed.)(explaining that courts have denied supplemental pleadings when "the claim or defense asserted in the supplemental pleading bore little or no relationship to the original pleading" and that "refusal to allow the supplemental pleading is entirely justified when" the new "matters alleged have no relation to the" original claim)); *Beckett v. Inc. Vill. of Freeport*, No. CV 11-2163 LDW AKT, 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014)("Supplemental pleadings are 'limited to subsequent events related to the claim or defense presented in the original pleading.'")(quoting 3 Moore Federal Practice § 15.30 (3d ed. 2010)); *see also Webster*, 271 F. Supp. 3d at 472–73 (W.D.N.Y. 2017)(Denying amendment under Rule 15(d) because "Plaintiff does not seek to bolster, amplify, or clarify the two claims alleged in his amended complaint; rather, he seeks to raise an entirely new constitutional claim under the First Amendment.").

Furthermore, denial of the motion to amend to add the First Amendment claims was proper because the addition of the claims would not promote the economic and speedy

6

disposition of the controversy between the parties as framed in the operative pleading. *See Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (Leave to amend is properly denied "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery.")(internal citation omitted); *Girard*, 2016 WL 915253, at *6 ("In considering plaintiff's motion [to amend], the Court is mindful of the fact that discovery has not been completed. However, because this case presently includes multiple causes of action asserted against multiple defendants, the Court finds that the addition of numerous other defendants and unrelated claims arising at entirely distinct locations will necessarily prolong this action and impose additional expense on defendants. Moreover, the Court finds that adding these new claims would not aid in the efficient resolution of this action."); *Andino v. Fischer*, 698 F. Supp. 2d 362, 374 (S.D.N.Y. 2010) (denying motion to supplement because "such a supplementation does not aid in the efficient resolution of the instant action" and would prejudice the existing defendants); *Stepney*, 2018 WL 3110225, at *6 ("[C]ourts may deny supplemental pleadings that would not 'promote the economic and speedy disposition of the entire controversy between the parties.'")(quoting Wright et al., 6 Fed. Prac. & Proc. Civ. § 1504 and citing *Sai v. Transp. Sec. Admin.*, 155 F. Supp. 3d 1 (D.D.C. 2016)). Magistrate Judge Stewart did not abuse his discretion in denying Plaintiff's motion to amend to add proposed First Amendment claims (including Plaintiff's proposed First Amendment claim against Gov. Cuomo). *See Girard*, 2016 WL 915253, at *2 (N.D.N.Y. Mar. 4, 2016)("The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court, and the court's decision is not subject to review on appeal except for abuse of discretion.")(citing *Fielding v. Tollaksen*, 510 F.3d 175,

179 (2d Cir. 2007)). Because the statute of limitations does not appear to have run on Plaintiff's proposed First Amendment claims, Plaintiff is free to assert these claims in a separate action. For the reasons set forth above, Plaintiff's objection to Magistrate Judge Stewart's decision to deny Plaintiff's motion to amend is overruled.

### b. Motion for Appointment of Counsel.

For the reasons discussed by Magistrate Judge Stewart at pages 25-26 of the Report-Recommendation and Order, his decision to deny without prejudice Plaintiff's third motion for the appointment of counsel is not clearly erroneous or contrary to law. Plaintiff's objection on this issue is overruled.

### c. Plaintiff's Fifth, Sixth, and Seventh Motions for Preliminary Injunctions

Plaintiff's objection to Magistrate Judge Stewart's recommendation to deny Plaintiff's Fifth, Sixth, and Seventh motions for preliminary injunctions is that "[his] current motions for preliminary injunctive relief are inextricably intertwined with and predicated upon [the] motion for leave to amend [the] Amended Complaint. . . . [The] motion to amend should have been granted, thereby establishing a basis for [the] current motions for preliminary injunctive relief." Obj., at p. 4. However, because the Court finds that Magistrate Judge Stewart properly denied the motion to amend, Plaintiff presents no meritorious reason to reject Magistrate Judge Stewart's recommendation to deny Plaintiff's Fifth, Sixth, and Seventh motions for preliminary injunctions. Furthermore, upon conducting a *de novo* review of these motions, the Court adopts Magistrate Judge Stewart's conclusions for the reason stated in the Report-Recommendation and Order at pages 23-25. Plaintiff's objection on this issue is overruled.

8

#### d. Recommendation on "Blanket Ban" to Social Media Printed Content

Magistrate Judge Stewart recommends dismissal of Plaintiff's claim that DOCCS promulgated a policy with a "blanket ban" on printed materials from social media, emails, and text messages. In this regard, Magistrate Judge Stewart wrote:

> While Plaintiff alleges that Directive 4422 imposes such a blanket ban, *see* Am. Compl. at ¶ 129, a review of the Directive fails to bear out his assertions. As Defendants' Motion makes clear, the Directive expressly allows inmates to receive printed material with correspondence. Defs.' Mem. of Law at p. 13 (citing Directive 4422). The Directive itself does not appear to contain the ban on social media materials alleged by Plaintiff and nothing in his opposition papers refutes Defendants' contention to the contrary or points to anything in the Directive specifically barring complete access to such materials. *See* Dkt. Nos. 61-1 & 61-2. Given the information now available, Plaintiff's conclusory allegation regarding this policy is insufficient to withstand the Motion to Dismiss. *Salgado v. NYS Dep't of Corr. & Cmty. Supervision*, 2016 WL 6311296, at *10 (W.D.N.Y. Sept. 15, 2016), report and recommendation adopted, 2016 WL 6298517 (W.D.N.Y. Oct. 27, 2016); *Odom v. Poirier*, 2004 WL 2884409, at *13 (S.D.N.Y. Dec. 10, 2004).

Rep.-Rec. & Ord., at 15-16.

In objecting to this recommendation, Plaintiff points to an allegation in the Amended Complaint that he did not receive social media materials sent to him "because they were third-party mail in violation of Directive #4422," Am. Compl. ¶ 140, and asserts in his objections that "in truth, the 'blanket ban' on social media materials, emails, and text messages is an unwritten policy and how directive #4422 is being applied state-wide." Obj. at 3. Plaintiff's allegation in the Amended Complaint that he did not receive social media materials sent to him by a third-party does not establish that Directive 4422 imposes a blanket ban on social media printed content. Furthermore, his allegation in his objections of a unwritten policy in applying Directive 4422 is insufficient to modify the allegations contained in the Amended Complaint. Plaintiff is free to move to amend the Amended

9

Complaint to include this allegation of an unwritten policy, but the absence of this allegation in the Amended Complaint provides a sufficient basis to adopt Magistrate Judge Stewart's recommendation on this issue. Accordingly, Plaintiff's objection in this regard is overruled.

### e. Recommendation on constitutionality of Rule 105.14

Magistrate Judge Stewart concluded that Plaintiff lacks standing to challenge the constitutionality of Rule 105.14 because Plaintiff fails to allege that he suffered any actual injury due to the application of this rule. *See* Rep. Rec. & Ord., at 18-19. While Magistrate Judge Stewart noted that Plaintiff was previously found not guilty of violating this rule, he concluded that Plaintiff lacked standing because "'[a] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future.'" Rep. Rec. & Ord., at 18 (quoting *Peck v. Baldwinsville Cent. Sch. Dist.*, 351 Fed. Appx. 477, 479 (2d Cir. 2009) (summary order) (in turn quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d at 344)). Plaintiff argues in his objections that "[b]ecause DOCCS denied my request to form a prison chapter of UFD, I can be disciplined for violating Prison Rule 105.14 and placed in solitary confinement for nine months if I continue to promote and organize UFD. Hence, I have standing to challenge the constitutionality of Prison Rule 105.14 as applied here." Obj., at 3. Plaintiff's allegation of possible future injury is insufficient to confer standing. As the Supreme Court has held:

> To establish Article III standing, an injury must be "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, ——, 130 S.Ct. 2743, 2752, 177 L.Ed.2d 461 (2010); *see also* [*Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S. Ct. 1142, 173 L. Ed.2d 1 (2009)]; [*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.

10

> Ct. 2130, 119 L.Ed.2d 351 (1992)]. "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Id.*, at 565, n. 2, 112 S. Ct. 2130 (internal quotation marks omitted). Thus, we have repeatedly reiterated that "threatened injury must be *certainly impending* to constitute injury in fact," and that "[a]llegations of *possible* future injury" are not sufficient. *Whitmore*, 495 U.S., at 158, 110 S. Ct. 1717 (emphasis added; internal quotation marks omitted); *see also Defenders of Wildlife, supra*, at 565, n. 2, 567, n. 3, 112 S. Ct. 2130; *see* [*DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345, 126 S.Ct. 1854, 164 L.Ed.2d 589 (2006)]; *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 190, 120 S. Ct. 693, 145 L.Ed.2d 610 (2000); *Babbitt v. Farm Workers*, 442 U.S. 289, 298, 99 S. Ct. 2301, 60 L. Ed.2d 895 (1979).

*Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013)(emphases added in *Clapper*).

Plaintiff's possible future injury from the application of Rule 105.14 is not "*certainly impending*," and therefore insufficient to confer standing. Accordingly, Plaintiff's objection on this issue is overruled.

### f. Recommendations without Objections.

The Court has reviewed Magistrate Judge Stewart's recommendation to which no objections have been filed, and finds no clear error on the face of the record in relation thereto.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's objections to Magistrate Judge Stewart's orders denying Plaintiff's motion to amend [Dkt. No. 61], and for the appointment of counsel [Dkt. No. 61], are **OVERRULED**, and Magistrate Judge Stewart's orders in the regard are **AFFIRMED**.

Also for the reasons discussed above, the Court **ACCEPTS and ADOPTS** the

recommendations in the Report-Recommendation and Order, Dkt. No. 95, for the reasons stated therein. Thus, it is hereby

**ORDERED** that Defendants' Motion to Dismiss (Dkt. No. 57) is **GRANTED** in part and **DENIED** in part.

The motion is **GRANTED** (1) Insofar as it seeks dismissal of the claim asserting the existence of a blanket policy barring access to social media material, and (2) Insofar as it seeks dismissal of Plaintiff's claim related to the constitutionality of Rule 105.14, and these claims are **DISMISSED without prejudice**.

The motion is **DENIED** (1) Insofar as Defendants Miller and Mahuta move to dismiss Plaintiff's Amended Complaint against them based upon qualified immunity; and (2) Insofar as Defendant Annucci seeks dismissal of Plaintiff's claims alleging that his First Amendment rights were violated by the arbitrary imposition of a mail watch,

and it is further,

**ORDERED** that Plaintiff's Fifth, Sixth, and Seventh Motions for Preliminary Injunctions (Dkt. Nos. 61, 70, and 74) are **DENIED**.

**IT IS SO ORDERED.**

Dated: March 28, 2019

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

12