**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DONTIE S. MITCHELL,**

                                        **Plaintiff,**

        **v.**                                                    **9:17-CV-892**
                                                                  **(TJM/DJS)**

**ANTHONY ANNUCCI, Commissioner of**
**Department of Corrections, JOHN MILLER,**
**Corrections Lieutenant, R. WOOD, Corrections**
**Sergeant, ROBERT J. MAHUTA, Corrections**
**Officer, NAPPER, Corrections Officer, and**
**WELLS, Corrections Officer,**

                                        **Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**

**DECISION & ORDER**

        Plaintiff filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his

constitutional rights while held in prison by the State of New York.  The Court referred the

Complaint to the Hon. Daniel J. Stewart, United States Magistrate Judge, for an initial

review pursuant to 28 U.S.C. § 1915(e) and a Report-Recommendation pursuant to 28

U.S.C. § 636(b) and Local Rule 72.3(c).

        The Report-Recommendation, dated September 3, 2020, recommends that the

Court grant the motion brought by Defendants Robert J. Mahuta, John Miller, and Anthony

Annucci for summary judgment on Plaintiff's First Amendment claims.  See dkt. # 152.

Magistrate Judge Stewart finds that no evidence supports Plaintiff's claims that

1

Defendants violated his First Amendment rights by reading his mail and disciplining him in relation to certain communications he had with persons outside the facility holding him. Magistrate Judge Stewart also concludes that, even if Defendants Mahuta and Miller had violated Plaintiff's First Amendment rights, they would be entitled to qualified immunity. Finally, Magistrate Judge Stewart finds that Defendant Annucci is entitled to judgment on Plaintiff's requests for declaratory and injunctive relief on policies related to mail, email, and text messaging.

The Plaintiff filed objections to the Report-Recommendation.  See dkt. # 153. When a party objects to a magistrate judge's Report-Recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

Having reviewed the record *de novo* and having considered the other issues raised in the Plaintiff's objections, this Court has determined to accept and adopt the recommendation of Magistrate Judge Stewart for the reasons stated in the Report-Recommendation.

The Court notes that a portion of Plaintiff's objections is devoted to a complaint that he was unable to answer Defendant's motion effectively because the Court had denied his motion for appointment of counsel.  He writes: "[f]or a pro se prisoner to survive summary judgment against qualified immunity defenses; and to rebut the professional judgment of prison officials justifying their rules, regulations, and decisions, to which courts [owe]

2

substantial deference, is exceedingly difficult without he assistance of counsel.  Judge
[Stewart's] Report-Recommendation makes this so painfully obvious."

The Court has already denied the Plaintiff's appeal of Magistrate Judge Stewart's
decision denying Plaintiff's request for appointed counsel.  See dkt. # 129.  The Court
treats this portion of Plaintiffs' objections as a motion for reconsideration of that earlier
decision.  When a party files a motion for reconsideration, "[t]he standard for granting such
a motion is strict, and reconsideration will generally be denied unless the moving party can
point to controlling decisions or data that the court overlooked–matters, in other words,
that might reasonably be expected to alter the conclusion reached by the court."  Shrader
v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995).  Such a motion is "not a vehicle for
relitigating old issues, presenting the case under new theories, securing a rehearing on the
merits, or otherwise taking 'a second bite at the apple[.]'" Analytical Surveys, Inc. v. Tonga
Partners, L.P., 684 F.3d 36, 41 (2d Cir. 2012) (quoting Sequa Corp. v. GBJ Corp., 156
F.3d 136, 144 (2d Cir. 1998)).

Plaintiff has not pointed to any new controlling decisions governing the appointment
of counsel since the Court denied his appeal. He does argue that his inability to point to
evidence to support his First Amendment claims or to challenge the Defendants'
arguments on qualified immunity demonstrates that he should be appointed counsel.  The
Court is not persuaded that the outcome of the summary judgment motion is evidence to
support reconsideration of the earlier order.  Having examined the parties' briefing on this
motion and the record related to the motion, the Court finds that appointment of counsel
was not necessary for Plaintiff to argue his claims adequately.  Plaintiff has successfully
argued various claims *pro se* to this point, and the presence of counsel would not have

3

changed the outcome here.  Indeed, Defendants conceded that they were not entitled to summary judgment on some of the claims Plaintiff raised in this action.  Plaintiff may of course seek appointed counsel for the next stage of the proceeding regarding those claims.

Without offering any argument as to why, Plaintiff also argues that the Court should grant him leave to amend his complaint.  In a footnote to his report-recommendation, Magistrate Judge Stewart noted that "[a]s part of his opposition to the Motion, Plaintiff seeks leave yet again to amend the Complaint in this action, first filed in 2017, to include claims regarding mail watches imposed at Great Meadow.  Plaintiff previously requested leave to add claims regarding events at Great Meadow and that motion was denied.  Plaintiff's brief and conclusory arguments here provide no basis for revisiting that decision."

The Court treats this request as an appeal of the non-dipositive decision of the Magistrate Judge not to permit him to amend his complaint.  A district court judge reviewing a magistrate judge's non-dispositive pretrial order may not modify or set aside any part of that order unless it is clearly erroneous or contrary to law.  Labarge v. Chase Manhattan Bank, N.A., 1997 U.S. Dist. LEXIS 13803, 1997 WL 5853122, at *1 (N.D.N.Y. Sept. 3, 1997) (citing 28 U.S.C. § 636(b)(1)); FED. R. CIV. P. 72(a); Mathias v. Jacobs, 167 F.Supp.2d 606, 621-23 (S.D.N.Y. 2001); Dubnoff v. Goldstein, 385 F.2d 717, 721 (2d Cir. 1967) (court's decision "not to disqualify himself is ordinarily reviewable only upon appeal from a final decision on the cause in which the application . . . was filed.").  Findings are clearly erroneous when the reviewing court is firmly convinced the lower court decided an issue in error.  Lanzo v. City of New York, 1999 U.S. Dist. LEXIS 16569, 1999 WL

4

1007346, *2-3 (E.D.N.Y. Sept. 21, 1999).  This standard imposes a heavy burden on the

objecting party, and only permits reversal where the district court determines the

magistrate judge "abused his broad discretion over resolution of discovery matters."

Labarge, 1997 U.S. Dist. LEXIS 13803, 1997 WL 583122 at *1.  Plaintiff has offered no

more than conclusory reasons as to why he should be permitted to amend his complaint

and no argument as to why the Magistrate Judge erred in not permitting him leave to do

so.  The Court is not persuaded that the Magistrate Judge's decision to deny amendment

at this late stage in the proceedings was clearly erroneous.  To the extent that the

Magistrate Judge treated the Plaintiff's request as a motion for reconsideration, the Court

also finds that decision was not clearly erroneous.  Plaintiff had offered no substantial

argument for reconsideration, and Magistrate Judge Stewart clearly denied that motion.

It is therefore  **ORDERED** that Plaintiff's objections to the Report-Recommendation

of Magistrate Judge Stewart, dkt. # 153, are hereby OVERRULED.  The Report-

Recommendation, dkt. # 152, is hereby ACCEPTED and ADOPTED.  The Plaintiff's

Amended Complaint is hereby DISMISSED as to Plaintiff's First Amendment claims

against Defendants Mahuta, Miller, and Annucci.  To the extent that Plaintiff's objections

can be read as an appeal of the Magistrate Judge's decision denying him leave to file an

amended complaint, that appeal is hereby DISMISSED.  To the extent that Plaintiff's

objections can be read as a motion for reconsideration of the Court's order dismissing his

appeal of the Magistrate Judge's order denying his request for appointed counsel, that

motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:October 30, 2020

Thomas J. McAvoy
Senior, U.S. District Judge